UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>LLOYD'S SYNDICATE 3624<br><br>Defendant. | Civil Action No. 3:23-cv-00133 |

## COMPLAINT

**NOW COMES** Plaintiff Endurance American Insurance Company and files this Complaint pursuant to 28 U.S.C. § 2201 and 2202, and respectfully shows:

### I. INTRODUCTION

1.1   This is a suit for damages by Endurance against Lloyd's Syndicate 3624 (hereinafter "Hiscox") for its failure to investigate, evaluate, and settle a lawsuit against two of Endurance and Hiscox's mutual policyholders, Atlantic Housing Management, LLC (AHM) and AHF-Stone Creek LLC (AHF), which resulted in a judgment for compensatory and exemplary damages against them in Cause No. Cc-18-04712-E, *Wayland Jackson, Individually vs. Atlantic Housing Management, LLC; Nathan Champion, Individually; AHF-Stone Creek LLC; And Atlantic Housing Foundation, Inc.*, in County Court At Law Number 5 Dallas County, Texas (the Underlying Lawsuit), and other damages.  Endurance brings this action as the legal, equitable, and contractual subrogee of AHM and AHF.

### II. PARTIES

2.1   Plaintiff Endurance is an insurance company organized under the laws of Delaware with its principal place of business in New York.

1

2.2     Lloyd's Syndicate 3624 is the only subscribing underwriter to policy MPL1691940.17. Lloyd's Syndicate 3624 is wholly owned by Hiscox Dedicated Corporate Member, Ltd., which is a corporation registered and domiciled in the United Kingdom. As such, Lloyd's Syndicate 3624 is a citizen of the United Kingdom.

### III.  JURISDICTION AND VENUE

3.1     This Court has jurisdiction pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and (a)(2). Plaintiff, and plaintiff's subrogors, are citizens of states of the United States, and Hiscox is a subject of a foreign state.  Plaintiff, on the one hand, and AHM and AHF on the other, are citizens of different states.

3.2     Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §1391(b)(2) because Defendants maintain business there, the Underlying Lawsuit was pending there, and a substantial part of the events or omissions giving rise to the claim for declaratory relief occurred there.

### IV. THE POLICIES AND THE UNDERLYING LAWSUIT

4.1     Hiscox issued a general liability policy insuring AHM and AHF (collectively the "Insured"), bearing number MPL1691940.17 for the policy period March 31, 2017 to March 31, 2018 (the Hiscox Policy).

4.2     Endurance issued an excess policy bearing number EXC30000299000 covering the same insureds for covered losses in excess of the Hiscox Policy.

4.3     On or about July 12, 2017, underlying plaintiff Wayland Jackson suffered an electric shock while inside his apartment at Stone Creek Apartments, located at 328 E. Southwest Pkwy, Apt. 264, Lewisville, Texas 75067. He alleged that AHM and AHF, defendants in the Underlying Lawsuit, exercised control over and were responsible for the property management,

maintenance, repair, and overall safe condition of the Stone Creek Apartments, including all electrical wiring, appliance maintenance, and A/C unit maintenance. The defense was tendered to Hiscox, which agreed to hire lawyers to defend the insureds.

4.4     On November 1, 2018, Hiscox advised its policyholders that it was "pleased to confirm coverage for Atlantic and Mr. Champion for this matter, subject to the terms and conditions of the Hiscox Policy and reservation of rights outlined below." It appointed the Law Firm of Lewis Brisbois to defend Atlantic and Mr. Champion. Specifically, it advised to the insureds:

> The Hiscox Policy provides coverage for "damages" the insured becomes legally obligated to pay because of bodily injury or property damage that occurs during the policy period, March 31, 2017 to March 31, 2018. The Plaintiff alleges that he was electrocuted while inside of his apartment at Stone Creek Apartments located at 328 E. Southwest Pkwy, Apt. 264, Lewisville, TX 75067. He claims that Atlantic and Mr. Champion exercised control over and were responsible for the property management, maintenance, repair, and overall safe condition of the Stone Creek Apartments, including all electrical wiring, appliance maintenance, and A/C unit maintenance. Based on the facts presented to date, we are pleased to confirm that the incident in question triggers a defense under the Policy's bodily injury liability coverage. However, Hiscox reserves its right to limit or preclude coverage to the extent information obtained in the future changes the current coverage analysis.

> C. Definitions Damages means any monetary amount you are ordered to pay by a court, or by an arbitrator in an arbitration to which we have consented. However, damages does not include any . . . punitive, or exemplary damages. As previously stated, the Hiscox Policy provides coverage for "damages" the insured becomes legally obligated to pay because of bodily injury that occurs during the policy period which was in effect at the time of this incident. Please note, however, that Mr. Jackson's Complaint seeks exemplary damages. As stated, the Hiscox policy does not provide coverage for such damages. As a result, Hiscox reserves its right to disclaim coverage for any portion of a judgment awarding exemplary damages.

4.5     The Jackson case proceeded through discovery and was prepared for trial.

4.6     Hiscox had reasonable opportunities to settle all claims and damages presented in the case and resolve all associated liens and security interests for a payment within its liability limits.

4.7 Liability was reasonably clear, and the damages alleged far exceeded the limits of the Hiscox Policy.

4.8 Hiscox unreasonably refused to settle the case.

4.9 The Underlying Lawsuit was tried beginning April 11, 2022. The jurors returned their verdict on April 27, 2022. The court received and accepted the jurors' verdict, which was incorporated in a final judgment for all purposes on June 6, 2022.

4.10 The Judgment was roughly ten times the amount Hiscox offered to resolve the lawsuit and over three times what plaintiff demanded to settle. It is over three times Hiscox's Policy limits.

4.11 The Judgment also includes a substantial award for exemplary damages. Except for the exemplary damage award, which is excluded, the Hiscox Policy covers the judgment. Hiscox's failure to settle was a breach of its contractual duties as well as the duties imposed under *G.A. Stowers Furn. Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. 1929) and the Texas Insurance Code. Hiscox's breach proximately caused damages to AHM and AHF in the amount of the covered Judgment exceeding Hiscox's limits.

4.12 Endurance's Policy of umbrella liability insurance, like the Hiscox Policy, provides coverage for the compensatory damage portion of the Judgment.

4.13 The Endurance Policy and Texas law provide that the Endurance Policy is subrogated to AHM and AHF's right to recover from Hiscox.

4.14 Endurance settled all covered claims against AHM and AHF for a confidential amount. Hiscox refused to contribute more than $1 million to resolve the claims despite the fact that its policy covered more than $1 million in damages. As a result, Endurance settled all of the covered claims against AHM and AHF, including taxable cost and interest claims.

4.15    Endurance files the instant lawsuit to recover the funds that it paid to resolve all of the covered claims against AHM and AHF.

## V. COUNT ONE – DAMAGES

5.1    Hiscox's conduct constituted negligence under *Stowers*, breach of contract, and breach of Tex. Ins Code Ch. 541. Its conduct was the direct cause of an excess verdict against AHM and AHF. As a result, AHM and AHF are entitled to recover any covered amounts awarded by the judgment, plus attorney fees, costs, and interest, without limitation by Hiscox's limits of liability.

5.2    Under Texas law, Endurance is legally, equitably, and contractually subrogated to AHM and AHF's rights against Hiscox. Accordingly, Endurance is entitled to recover the covered part of the judgment in excess of the Hiscox Policy limits, plus any applicable costs and attorney fees to which Endurance or its insureds are entitled under the Texas Insurance Code, and/or Texas Civil Practice and Remedies Code Chapter 38, along with pre- and post-judgment interest.

## VI. COUNT TWO BREACH OF CONTRACT

6.1    Endurance hereby incorporates the forgoing allegations as if fully set out herein.

6.2    Hiscox breached its contract with its Insureds when it wrongfully refused to settle the claims against the Insureds within its limits when it had the opportunity to do so. Hiscox's actions caused damage to the Insureds.

6.3    Endurance, as subrogee of the Insureds, hereby seeks to recover all damages rightfully owed by Hiscox both as subrogee of the Insured and its own right under Texas law.

6.4    All conditions precedent to Endurance's recovery has occurred or have been waived.

## VII. RESERVATION REGARDING AMENDMENT

7.1     Plaintiff reserves the right to amend this action as necessary to include any additional claims that may be made.

## VIII. PRAYER

**WHEREFORE**, Endurance prays for judgment against Hiscox for the amounts it expended resolving the claims raised in Underlying Lawsuit and obtaining a Release of the Judgment rendered in in excess of Hiscox's limits, plus any additional costs, damages, and attorneys' fees to which it or its insureds are legally entitled under the Texas Insurance Code, Texas Civil Practice and Remedies Code, or otherwise under Texas law, along with pre- and post-judgment interest and for such other and further relief to which Endurance may show itself justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Orlando Vera, Jr.
State Bar No. 24100018
orlandov@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:     214-665-0199
**ATTORNEY FOR PLAINTIFF**