UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-0133-B |
| LLOYD'S SYNDICATE 3624, | § § § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff-Intervenors AHF Stone Creek, LLC and Atlantic Housing Management, LLC (collectively, "Atlantic")'s Unopposed Motion to Intervene (Doc. 15). Because Atlantic satisfies the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b), the Motion is **GRANTED**.

## I.

## BACKGROUND

This is a breach of contract and negligence action concerning Defendant Lloyd's Syndicate 3624 ("Hiscox")'s failure to settle a lawsuit (the "Underlying Lawsuit"). Atlantic, the defendant in the Underlying Lawsuit, was insured by both Hiscox and Endurance American Insurance Company ("Endurance"). *See* Doc. 1, Compl., ¶¶ 4.1–.2. Hiscox issued a general liability policy, and Endurance's policy covered losses in excess of the Hiscox policy. *Id.* Atlantic was sued for claims that were covered under the policies. *See id.* ¶¶ 4.3–.4. Hiscox had the opportunity to settle the case within the liability limits of its policy, but it opted not to settle. *Id.* ¶¶ 4.6, 4.8. The cause went to

- 1 -

trial, and a jury found Atlantic liable for a significant judgment. *See id.* ¶¶ 4.9–.11. Endurance resolved the claims against Atlantic in a post-judgment settlement that exceeded the liability limits of the Hiscox policy. *See id.* ¶ 4.14.

On January 18, 2023, Endurance sued Hiscox in this Court. Doc. 1, Compl. Endurance's Complaint alleges Hiscox's failure to settle the Underlying Lawsuit constituted negligence and breach of contract. *Id.* ¶¶ 5.1–6.4. This failure to settle resulted in Endurance paying additional money to resolve the claims. *Id.* ¶ 4.14. On April 3, 2023, Atlantic filed its Unopposed Motion to Intervene. Doc. 15, Mot. Hiscox filed an answer to Endurance's Complaint the following day. Doc. 16, Answer.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 allows two types of intervention. "Rule 24(a) permits a party to seek intervention as of right while Rule 24(b) allows a party to seek permissive intervention." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (citing Fed. R. Civ. P. 24). Atlantic argues both standards support its intervention in this case. *See* Doc. 15, Mot., ¶¶ 4–7.

An applicant may intervene as of right under Federal Rule of Civil Procedure 24(a)(2) if he (1) timely files an application, (2) has an interest in the subject matter of the action, (3) shows that the disposition of the action may impair or impede the protection of that interest, and (4) shows that the existing parties to the action will not adequately represent that interest. *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "The inquiry under Rule 24(a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application, and intervention of right must be measured by a practical rather than technical yardstick." *Entergy Gulf States La., L.L.C. v.*

*U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) (internal quotations omitted).

The standard for permissive intervention is broader. Rule 24(b) provides, "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, "[i]ntervention is appropriate when: (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *DeOtte v. Azar*, 332 F.R.D. 173, 178 (N.D. Tex. 2019) (O'Connor, J.) (internal quotations omitted). Ultimately, however, "[p]ermissive intervention is wholly discretionary and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (internal quotations omitted).

### III.

### ANALYSIS

As explained below, the Court finds Atlantic should be permitted to intervene under Rule 24(b). Because the Court finds Atlantic may intervene under Rule 24(b), the Court does not address whether Atlantic may intervene as of right under Rule 24(a).

A.      *Timely Application*

Timeliness is a threshold requirement for which the Court considers four factors:

(1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation

> may suffer as a result of the would-be intervenor's failure to apply for intervention as
> soon as it knew or reasonably should have known of its interest in the case; (3) the
> extent of the prejudice that the would-be intervenor may suffer if intervention is
> denied; and (4) the existence of unusual circumstances militating either for or against
> a determination that the application is timely.

*Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512–13 (5th Cir. 2016).[1] "The timeliness inquiry is contextual . . . [and] is not limited to chronological considerations but is to be determined from all the circumstances." *Wal-Mart*, 834 F.3d at 565 (internal quotations and citations omitted).

Here, the Court finds Atlantic's application for intervention is timely. This case was only recently filed, and Atlantic moved to intervene before Hiscox responded to Endurance's Complaint. *See* Doc. 15, Mot.; Doc. 16, Answer. Atlantic's delay in moving to intervene was minimal, and the Court is not aware of any prejudice to the existing parties from that delay. Atlantic argues it would be prejudiced if intervention is denied. *See* Doc. 15, Mot., ¶ 6. No other unusual circumstances have been brought to the Court's attention. For these reasons, the Court concludes Atlantic's application is timely.

B.    *Common Question of Law or Fact*

The Court further finds Atlantic's claims share common questions of law and fact with the main action. *See* Fed. R. Civ. P. 24(b)(1). As noted above, Atlantic was the defendant in the Underlying Lawsuit. "Atlantic's claims are based on the same Hiscox insurance policy, the same Underlying Lawsuit, and the same underlying facts that are the basis of Endurance's lawsuit." Doc. 15, Mot., ¶ 1. And Atlantic "seeks to intervene in this suit to recover [their contribution to the post-judgment settlement in the Underlying Lawsuit] from Hiscox and the legal fees it has incurred due

---

[1] Although *Sommers* analyzed timeliness in the context of intervention as of right, *see* 835 F.3d at 512–13, this timeliness inquiry also applies in the context of permissive joinder, *see, e.g.*, *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 976 (5th Cir. 2019).

to Hiscox's failure to properly evaluate and settle the Underlying Lawsuit." *Id.* The Court finds that Atlantic's claims share numerous common questions of law and fact with the main action.

C.      *Undue Delay or Prejudice*

Neither Hiscox nor Endurance has identified any undue delay or prejudice that would result from allowing Atlantic to intervene in this action. *See* Fed. R. Civ. P. 24(b)(3). As mentioned above, this case was recently filed and substantially overlaps with the Atlantic's claims. The Court therefore finds that permitting intervention would not result in undue delay or prejudice.

**IV.**

**CONCLUSION**

The Court finds that Atlantic has met the requirements of Rule 24(b) and does not find any reason to exercise its discretion to deny the Motion. The Court therefore **GRANTS** the Motion (Doc. 15). The Clerk of Court is **DIRECTED** to file Plaintiff-Intervenors AHF Stone Creek, LLC and Atlantic Housing Management, LLC's proposed Complaint in Intervention (Doc. 15-1).

SO ORDERED.

SIGNED: April 28, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 5 -