

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY, §§§§§§§§§§ | |
| Plaintiff(s), | |
| v. | Civil Action No. **3:23-CV-0133-B** |
| LLOYD'S SYNDICATE 3624, et al., | |
| Defendant(s). | |

## RETURN OF SERVICE

Came to my hand on **Friday, May 17, 2024 at 2:38 PM**,
Executed at: **2481 SATILLA LANE SW, MARIETTA, GA 30064**
at **4:13 PM**, on **Monday, May 20, 2024**, by individually and personally delivering to the within named:

### JOHN K. JUSU

a true copy of this

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION with NOTICE OF DEPOSITION OF JOHN K. JUSU

And tendered a **Witness Fee of $70.00**.

**BEFORE ME**, the undersigned authority, on this day personally appeared FRANK JAMES who after being duly sworn on oath states: "My name is FRANK JAMES. I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Georgia. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude.

By: _____
     FRANK JAMES – Process Server

Subscribed and Sworn to by FRANK JAMES, Before Me, the undersigned authority, on this __23__ day of May, 2024.

_____
Notary Public in and for the State of Georgia

[Notary Seal: KRISTA MEADOWS, NOTARY PUBLIC, FULTON COUNTY, GEORGIA, MY COMMISSION EXPIRES AUGUST 04, 2026]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY,<br><br>　　Plaintiff<br><br>v.<br><br>ATLANTIC HOUSING MANAGEMENT, and AHF STONE CREEK, LLC,<br><br>　　Intervenors<br><br>v.<br><br>LLOYD'S SYNDICATE 3624,<br><br>　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     CIVIL ACTION NO. 3:23-CV-0133-B |

## NOTICE OF DEPOSITION OF JOHN K. JUSU

Please take notice that pursuant to Federal Rule of Civil Procedure 30, Plaintiff Endurance American Insurance Company will take the oral deposition of John K. Jusu.

The deposition will commence on May 30, 2024, at 10:00 a.m. eastern time, at Regus, 2300 Lakeview Parkway, Suite 700, Alpharetta, Georgia 30009.

The deposition will be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths. The deposition will be recorded by video and stenographic means and will continue from day to day until completed and may be used as evidence in the trial of this matter.

Respectfully submitted,

/s/ Stephen A. Melendi
Stephen A. Melendi
Texas Bar No. 24041468
StephenM@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
MattR@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile:  214-665-0199
**ATTORNEYS FOR PLAINTIFF
ENDURANCE AMERICAN
INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure on all counsel of record.

/s/ Stephen A. Melendi
Stephen A. Melendi

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY </br> *Plaintiff* </br> v. </br> LLOYD'S SYNDICATE 3624, ET AL. </br> *Defendant* | ) ) ) ) ) ) )   Civil Action No. 3:23-CV-0133-B |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: JOHN K. JUSU, 2481 Satilla Lane SW, Marietta, GA 30064
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Regus </br> 2300 Lakeview Parkway, Suite 700 </br> Alpharetta, GA 30009 | Date and Time: </br> 05/30/2024 10:00 am |
|---|---|

The deposition will be recorded by this method: certified court reporter, video and stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/17/2024

| *CLERK OF COURT* | OR | [signature] |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's Signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Endurance American Insurance Company , who issues or requests this subpoena, are:
Matthew Rigney, Tollefson Bradley Mitchell & Melendi, LLP, 2811 McKinney Ave, Ste 250W, Dallas, TX 75204, 214.665.100, mattr@tbmmlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:23-CV-0133-B

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



RETURN / AFFIDAVIT PROOF / ATTACHED

RETURN / AFFIDAVIT PROOF / ATTACHED

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).